IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. LAMONT LEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 14-CV-353-RAW |
| ) | |
| 1. JAMES HODGE HYUNDAI, INC., a ) | *Jury Trial Demanded* |
| domestic for profit business corporation, ) | |
| ) | *Attorney Lien Demanded* |
| Defendant. ) | |

## COMPLAINT

**COMES NOW** Lamont Lee, Plaintiff in the above-entitled action, by and through his attorneys, David R. Keesling and Timothy S. Kittle, of the law firm, KEESLING LAW GROUP, PLLC, and for his causes of action alleges as follows:

### JURISDICTION, VENUE, PARTIES

1. Jurisdiction in this matter is based upon the existence of a federal question under 28 U.S.C.A. § 1331 (West 2013) and 28 U.S.C.A. § 1343(a)(4) (West 2013), pursuant to claims arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C.A § 2000e *et seq*. (West 2013), as well as 42 U.S.C.A. § 1981 (West 2013).

2. Venue is appropriate as all incidents alleged herein occurred within the Eastern District of Oklahoma.

3. Plaintiff Lamont Lee, at all times relevant to the claims alleged herein, was and is a citizen of the State of Oklahoma and a resident of Muskogee County, Oklahoma.

4. Defendant James Hodge Hyundai, Inc. ("JHH"), at all times relevant to the claims alleged herein, upon information and belief, was and is a domestic for profit business corporation operating in and under the laws of the State of Oklahoma, was and is an employer affecting commerce with fifteen (15) or more employees as defined under 42 U.S.C.A. §

2000e(f), and was and is a business operating in the City of Muskogee, Muskogee County, Oklahoma, and additionally, is one of several automobile dealerships under the umbrella of "James Hodge," which includes James Hodge Ford, James Hodge Toyota, James Hodge Chevy, and James Hodge Dodge /Chrysler /Jeep /Ram, in addition to the above-named Defendant.

5.   Due to the foregoing, this Court has jurisdiction over the parties and subject matter.

### PLAINTIFF'S STATEMENT OF THE FACTS

6.   Plaintiff Lamont Lee incorporates paragraphs 1 through 5 herein as if fully set forth verbatim.

7.   Plaintiff was, at all times relevant to allegations contained herein, an employee of Defendant JHH within the meaning of 42 U.S.C.A. § 2000e(f), who worked as a salesperson for Defendant at its dealership located at 1330 North Main Street, City of Muskogee, Muskogee County, Oklahoma.

8.   Further, Plaintiff has been at all times relevant to the claims alleged herein a member of recognized protected classes under applicable federal statutes and law, that being African American, as well as a male.

9.   Plaintiff began his employment with the James Hodge auto group on or about September, 2012, at JHH.

10.   Beginning in March, 2013, Plaintiff was subjected to unwanted, unwelcome and pervasive comments of a sexual and racial nature by JHH General Manager, Dave Thompson, who succeeded James A. Byrd in that position, subsequent to Byrd's discharge.[1]

---

[1] James A. Byrd filed a Charge with EEOC and is filing a Complaint against Defendant JHH alleging a retaliatory discharge.

11.     Such commentary included the following:

   a.     Upon hearing another employee remark to co-employee Karl Hulcher that Hulcher had something running on the side of his mouth, Thompson rubbed Hulcher's leg above the knee in a sexually suggestive manner.[2]

   b.     Upon discovering that he and Plaintiff both knew another male named Frankie, Thompson referred to Frankie as a "fag."

   c.     Thompson gave another salesman by the name of Joey a banana, who promptly stuffs the entire fruit in his mouth, prompting Thompson to remark to Plaintiff, "Lamont, would you like to try that banana trick under my desk?" (making a reference to oral sex).

   d.     On another occasion Thompson once again mentioned Frankie, stating, "I talked to Frankie last night . . . Whose desk did you like to bend over? . . . Did you sit on his lap or under his desk?"

   e.     While Plaintiff was standing in the workplace with another African American co-employee, Leslie Cooper, Thompson remarked to them and another JHH employee in the area that they should all got get some watermelons and that Thompson could not tell Plaintiff and Cooper apart; both comments referenced well-established, demeaning stereotypes regarding African Americans that Plaintiff and Cooper clearly understood and found offensive.[3]

---

[2] Similarly, Karl Hulcher has filed a Charge with EEOC and is filing a Complaint against JHH, alleging hostile work environment.

[3] Similarly, Leslie Cooper filed a Charge against Defendant JHH with EEOC and is filing a Complaint alleging causes of action similar to Plaintiff's.

      f.      Thompson made numerous jokes about being like former disgraced Penn State assistant football coach Jerry Sandusky, stating that he [Thompson] liked young boys.

      g.      On another occasion Thompson asked Plaintiff his age, and when Plaintiff advised he was 22, Thompson stated, while laughing, "Oh yeah, I like boys young."

      h.      On yet another occasion Thompson stated to Plaintiff that he [Thompson] had a banana and invited Plaintiff to try the "Joey" trick under Thompson's desk (again making reference to oral sex).

12.      On March 13, 2013, Thompson instructed employees, including the afore-mentioned Karl Hulcher and Plaintiff, to report to a conference room where they were subjected to questions regarding James A. Byrd and Stephen Battle, both of whom had been discharged days before.[4]

13.      Specifically, said employees were instructed to answer questions by a JHH attorney, with a certified shorthand reporter ("CSR") present, questions which involved the employees' knowledge of any interactions between EEOC and Byrd and Battle regarding their employment with JHH.

14.      Additionally, Leslie Cooper was threatened with being compelled to provide a statement to the lawyer under compulsion of a subpoena when he refused to provide a statement without his own counsel present (Cooper was not at work on the day that Plaintiff and Hulcher were questioned at the dealership by Hodge's lawyer).

---

[4] Stephen Battle was a sales manager with JHH, who was African American. Similar to the others mentioned herein, Battle filed a Charge against Defendant JHH with EEOC and is also filing a Complaint alleging racial discrimination.

15. Moreover, the head of the Hodge family of automobile dealerships, Jack Hodge, was heard to state to employees at JHH that "Dave Thompson is in charge and what he says goes."

16. The facts described in paragraphs 11 through 15 above are demonstrative of a pattern of workplace harassment that permeated the family of dealerships under the Hodge umbrella, previous to and including the times alleged herein, matters which were known to Plaintiff and the other complainants mentioned herein.

17. Specifically, Plaintiff, Stephen Battle, Karl Hulcher, Leslie Cooper, and particularly James Byrd, were all aware of charges filed at EEOC by two former employees, Mitchell Roseberry and Joseph Perrymore, that colorably alleged same sex harassment amounting to a hostile work environment, and that those two matters were recently resolved at EEOC, just prior to Thompson replacing Byrd as General Manager in early March, 2013, though neither Plaintiff nor the others know of the details of the resolution.

18. James Byrd had personal knowledge of the facts alleged in the Roseberry and Perrymore Charges, in that Byrd was subjected to the same form of same sex harassment, and further, was approached by Jack Hodge and Mark Ford to make false statements to EEOC, averring that Byrd did not witness the acts of same sex harassment to which Roseberry, Perrymore, and Byrd himself were subjected by Hodge and Ford; Byrd refused to comply with Hodge's and Ford's request.

19. Additionally, during the times alleged herein, specifically in March 2013, Mark Ford, a member of the Hodge Auto Group management, came to JHH and announced that all employees were to undergo "sensitivity training."

20. Finally, due to the continuous, pervasive, and offensive comments to which Plaintiff was subjected on the part of General Manager Dave Thompson, who had authority to hire, fire, promote or demote employees at JHH during the approximate four weeks that Plaintiff was under the supervision of Thompson, Plaintiff constructively discharged from his position on or about April 5, 2013.

21. Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") within one hundred eighty (180) days of the events described herein.

22. Pursuant to Plaintiff's complaint, EEOC issued a "Dismissal and Notice of Rights," or "Right to Sue Letter," on June 3, 2014, and this matter has been filed within ninety (90) days of its issuance.

### FIRST CAUSE OF ACTION
### HOSTILE WORK ENVIRONMENT
### TITLE VII, 42 U.S.C.A. §§ 2000e *et seq*.
### AS TO DEFENDANT JHH

23. Plaintiff Lamont Lee incorporates paragraphs 1 through 22 herein as if fully set forth verbatim.

24. Plaintiff, while an employee of Defendant JHH, was subjected to a hostile work environment by his supervisor, Dave Thompson, through his pervasive, derogatory and unwelcome comments which were sexually-based, creating a workplace environment which a reasonable person would deem intolerable, and which Plaintiff did deem intolerable.

25. Dave Thompson, as the General Manager of JHH, had unfettered authority to hire, fire, promote or demote employees at the dealership.

26. As a result of the actions constituting a hostile work environment perpetrated by the highest ranking member of management at Defendant JHH, General Manager Dave

Thompson, the rights of Plaintiff under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* were violated, causing him injury.

### SECOND CAUSE OF ACTION
### HOSTILE WORK ENVIRONMENT
### 42 U.S.C.A. § 1981
### AS TO DEFENDANT JHH

27. Plaintiff Lamont Lee incorporates paragraphs 1 through 26 herein as if fully set forth verbatim.

28. Plaintiff, while an employee of Defendant JHH, was subjected to a hostile work environment by his supervisor, Dave Thompson, through his pervasive, derogatory and unwelcome comments which were race-based, specifically, demeaning to people of African American descent, creating a workplace environment which a reasonable person would deem intolerable, and which Plaintiff did deem intolerable.

29. Dave Thompson, as the General Manager of JHH, had unfettered authority to hire, fire, promote or demote employees at the dealership.

30. As a result of the actions constituting a hostile work environment perpetrated by the highest ranking member of management at Defendant JHH, General Manager Dave Thompson, the rights of Plaintiff under 42 U.S.C. § 1981 were violated, causing him injury.

### THIRD CAUSE OF ACTION
### CONSTRUCTIVE DISCHARGE
### TITLE VII, 42 U.S.C.A. §§ 2000e *et seq.*
### AS TO DEFENDANT JHH

31. Plaintiff Lamont Lee incorporates paragraphs 1 through 30 herein as if fully set forth verbatim.

32. Plaintiff and Defendant JHH had an established employer-employee relationship during the period of time that Dave Thompson, as General Manager of Defendant JHH and

Plaintiff's supervisor, subjected Plaintiff to unwelcome sexual and offensive comments that adversely affected Plaintiff's terms and conditions of employment.

33. Defendant JHH, by and through Dave Thompson's conduct, made Plaintiff's working conditions so intolerable that a reasonable person in Plaintiff's situation would find no alternative other than to quit said employment.

34. Accordingly, Plaintiff separated from his employment with Defendant JHH.

35. As a result of the intolerable actions perpetrated by the highest ranking member of management at Defendant JHH, General Manager Dave Thompson, the rights of Plaintiff under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* were violated, causing him injury.

### FOURTH CAUSE OF ACTION
### CONSTRUCTIVE DISCHARGE
### 42 U.S.C.A. § 1981
### AS TO DEFENDANT JHH

36. Plaintiff Lamont Lee incorporates paragraphs 1 through 35 herein as if fully set forth verbatim.

37. Plaintiff and Defendant JHH had an established employer-employee relationship during the period of time that Dave Thompson, as General Manager of Defendant JHH and Plaintiff's supervisor, subjected Plaintiff to unwelcome sexual and offensive comments that adversely affected Plaintiff's terms and conditions of employment.

38. Accordingly, Plaintiff separated from his employment with Defendant JHH.

39. As a result of the intolerable actions perpetrated by the highest ranking member of management at Defendant JHH, General Manager Dave Thompson, the rights of Plaintiff under 42 U.S.C. § 1981 were violated, causing him injury.

**PUNITIVE AND EXEMPLARY DAMAGES**

40. Plaintiff Lamont Lee incorporates paragraphs 1 through 39 herein as if fully set forth verbatim.

41. The acts and omissions by Defendant JHH, as set forth in the preceding paragraphs, demonstrate that Defendant was engaged in conduct evincing malice or reckless indifference to Plaintiff's rights.

42. As a direct result of Defendant's malice and /or reckless disregard for Plaintiff's rights, Plaintiff is entitled to exemplary and punitive damages in an amount to be determined by a jury commensurate with the financial resources available to Defendant, subject to applicable statutory caps, and sufficient to deter others similarly situated from like behavior.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff Lamont Lee prays this Court to grant to him the following relief:

    A. Judgment against Defendant in excess of Seventy-Five Thousand Dollars ($75,000.00);

    B. Punitive damages against Defendant to the extent permitted by law;

    C. Order Defendant to pay the attorney fees, costs, and accruing interest incurred by Plaintiff in prosecuting this matter;

    D. Any other such further relief this Court deems just and proper.

Respectfully submitted,

**KEESLING LAW GROUP, PLLC**

/s/ David R. Keesling
David R. Keesling, OBA No. 17881
Timothy S. Kittle, OBA No. 21979

401 South Boston Avenue
Mid-Continent Tower, Suite 450
Tulsa, Oklahoma 74136
(918) 924-5101 – Telephone
(918) 512-4888 – Facsimile
David@KLGattorneys.com
Tim@KLGattorneys.com
***Attorneys for Plaintiff:***
***Lamont Lee***